Paul Suskie, City Attorney 300 Main P.O. Box 5757 North Little Rock, AR 72119
Dear Mr. Suskie:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You state that the city of North Little Rock has received requests for certain records concerning four police officers who have been the subject of a disciplinary investigation. Following this investigation, two of the officers resigned, one was terminated, and one was suspended for 30 days. The appeals of the terminated and the suspended officers are currently pending.
The records that have been requested are:
• Photos of the officers;
• The two letters of resignation;
• Copies of the officers' disciplinary investigation files;
• Copies of the suspension letter and the termination letter; and
• A Notice of Appeal to the Civil Service Commission.
You have provided me with copies of the letters of resignation, the letters of suspension and termination, and the notice of appeal.
As custodian of the records, you have determined that the photos of the officers, the letters of resignation, and the notice of appeal are not exempt from disclosure, but that the disciplinary investigation files and the letters of suspension and termination are exempt from disclosure.
I am directed by law to issue an opinion as to whether your determination, as the custodian of the records, regarding the release of the requested records is consistent with the FOIA. A.C.A. §25-19-105(c)(3)(B). It is my opinion that your determination is generally correct, with the qualifications stated below.
Photos
This office has previously opined that photographs are properly classified as "personnel records," within the meaning of the FOIA. See
Ops. Att'y Gen. Nos. 97-286; 96-005. Personnel records are subject to disclosure except to the extent that the disclosure would constitute a "clearly unwarranted invasion of personal privacy" of the subject of the records. A.C.A. § 25-19-105(b)(10). The question of whether the disclosure of a particular record would constitute a clearly unwarranted invasion of personal privacy is a question of fact that ultimately must be determined by the custodian of the records. Ops. Att'y Gen. Nos.2000-203; 98-001; 94-119. The disclosure of routine file photographs of police officers normally would not constitute a clearly unwarranted invasion of the officer's personal privacy. If you have determined, as a matter of fact, that the release of the requested photos would not constitute a clearly unwarranted invasion of the officers' personal privacy, your determination that that these photos are not exempt from disclosure is correct.
Letters of Resignation
This office has consistently opined that letters of resignation are properly classified as "personnel records." See, e.g., Ops. Att'y Gen. Nos. 99-147; 99-119; 98-122; 97-063; 96-088, 95-162. It has been the position of this office that unless a letter of resignation contains statements that are of a personal nature, the letter will not implicate the privacy concerns reflected in A.C.A. § 25-19-105(b)(10) so as to be exempt from disclosure. That is, unless the letter contains such personal statements, its disclosure will not constitute a clearly unwarranted invasion of personal privacy. See Ops. Att'y Gen. Nos. 98-122; 97-063; 95-169; 95-162; 89-077. If, however, a resignation letter does include information of a personal nature, it may be exempt form disclosure. See
Ops. Att'y Gen. Nos. 98-122; 97-079; 96-088. The letters of resignation that have been requested do not contain such statements of a personal nature. You are therefore correct that they are not exempt from disclosure.
Notice of Appeal
It is my opinion that the notice of appeal is properly classified as a "personnel record." Although the term "personnel record," as used in the FOIA, is not expressly defined, this office has taken the position, citing Watkins, The Freedom of Information Act (3rd Ed. 1998) at 134, that "personnel records" are all records other than employee evaluation/job performance records that pertain to individual employees, former employees, and successful job applicants. See, e.g., Ops. Att'y Gen. Nos. 2001-2172001-055; 2000-130. Because a notice of appeal clearly is not an employee evaluation/job performance record, it is properly classified as a "personnel record." If you have determined, as a matter of fact, that the disclosure of the notice of appeal would not constitute a clearly unwarranted invasion of the officer's personal privacy, your determination that the record is not exempt from disclosure is correct.
Disciplinary Investigation Files
The question of whether the disciplinary investigation files should be disclosed depends upon the specific records contained in the file. Undoubtedly, many of the records in the file are records generated at the behest of the employer during the course of its investigation of the employees. Such records are properly classified as "employee evaluation/job performance records." See Op. Att'y Gen. No. 2001-217. "Employee evaluation/job performance records" are exempt from disclosure unless the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
Any records in the investigation files that are properly classified as "employee evaluation/job performance records" should not be disclosed because the above conditions have not been met for any of the officers in question. The two officers who resigned were neither suspended nor terminated, and there has not been a final administrative resolution of the discipline that was imposed upon the other two officers.
Nevertheless, some of the records in the investigation files may not constitute "employee evaluation/job performance records." They may, rather, constitute "personnel records" or simply "public records" that are not subject to any exemption from disclosure. Any record in the file that was not generated at the behest of the employer during the course of the investigation of the employee or was not generated at the behest of the employer for the purpose of detailing the performance or lack of performance of the employee with regard to a specific incident will not constitute an employee evaluation/job performance record. Such records must be examined to determine whether they fall within any other exemption from disclosure, but they will not be subject to the exemption that is available for employee evaluation/job performance records.
Suspension and Termination Letters
This office has previously opined that letters of suspension and termination constitute "employee evaluation/job performance records" if they detail the incidents that gave rise to the suspension or termination. See Ops. Att'y Gen. 2000-267; 2000-203; 97-400. The letter of suspension and the letter of termination that have been requested both detail the incidents that gave rise to the discipline. They are thus properly classified as "employee evaluation/job performance records," and because the conditions for the release of such records have not been met for the officers in question, you are correct that these letters are exempt from disclosure.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General